IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNIE JACOB, TRUSTEE OF THE RESTATEMENT OF THE ANNIE JACOB SEPARATE PROPERTY TRUST,<br><br>             Plaintiff,<br><br>      v.<br><br>AURORA LOAN SERVICES, CRAIG WILDRICK, and DOES 1-100,<br><br>             Defendants. | Case No. 10-1789 SC<br><br>ORDER GRANTING MOTION TO DISMISS |

## I. INTRODUCTION

Now before the Court is a Motion to Dismiss filed by Defendants Aurora Loan Services LLC ("Aurora") and Craig Wildrick ("Wildrick"), Aurora's Chief Operating Officer (collectively, "Defendants"). Docket No. 5 ("Motion"). Plaintiff Annie Jacob, Trustee of the Restatement of the Annie Jacob Separate Property Trust ("Plaintiff") filed an untimely Opposition. Docket No. 6. Defendants filed a Reply, which includes a request for the Court to strike Plaintiff's Opposition. Docket No. 8. Although the Court DENIES the request to strike, the Court GRANTS Defendants' Motion to Dismiss.

**II.  BACKGROUND**

This action concerns alleged illegal business practices relating to a residential mortgage loan.  Docket No. 1 ("Notice of Removal") Ex. A ("Compl.") ¶ 13.  On August 3, 2005, Annie Jacob "executed a stack of loan documents for a Pay Option Arm Loan."  Id. ¶ 21.  The loan for $1,355,000 was secured by a Deed of Trust, dated August 3, 2005, which was recorded on August 17, 2005.  Request for Judicial Notice ("RJN") Ex. A ("2005 Deed of Trust").[1]  In this 2005 Deed of Trust, Annie Jacob granted and conveyed to the trustee, with power of sale, the property located at 1135 Tournament Drive, Hillsborough, California 94010 ("the Hillsborough Property").  Id. at 3.  On August 24, 2006, Annie Jacob transferred the Hillsborough Property to Annie Jacob, Trustee of the 2006 Restatement of the Annie Jacob Separate Property Trust.  RJN Ex. E ("Trust Transfer Deed").

On March 17, 2009, Quality Loan Services Corp, as agent for the beneficiary, issued a Notice of Default and Election to Sell Under Deed of Trust.  RJN Ex. B ("Notice of Default").  On January 26, 2010, Plaintiff was sent a Notice of Trustee's Sale.  RJN Ex. C

---

[1] Defendants request the Court to take judicial notice of various documents, including two Deeds of Trust, a Notice of Default, a Notice of Trustee's Sale, and a Trust Transfer Deed, each of which was recorded in the San Mateo County Recorder's Office.  RJN Exs. A-E.  Docket Nos. 5-1, 5-2.  The Court may take judicial notice of facts not subject to reasonable dispute.  Fed. R. Evid. 201.  Courts may take judicial notice of matters of public record.  Hotel Emps. & Rest. Emps. Local 2 v. Vista Inn Mgmt. Co., 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005).  The Court may consider these public documents without converting the Motion to Dismiss into a motion for summary judgment.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  Therefore, the Court GRANTS the RJN, and takes judicial notice of these public documents.  The Court also takes judicial notice of the fact that, in 2005, Fannie Mae increased the single-family mortgage loan limit to $359,650.  RJN Ex. F ("Fannie Mae News Release").

("Notice of Trustee's Sale").  The sale was due to occur on February 26, 2010.  Id.

On February 23, 2010, Plaintiff filed a Complaint in the Superior Court of California for the County of San Mateo.  See Compl.  Plaintiff accuses Defendants of illegal conduct associated with her loan, and she asserts thirteen causes of action against Defendants: (1) Violation of the Home Ownership Equity Protection Act ("HOEPA"); (2) Violation of the Real Estate Settlement Procedures Act ("RESPA"); (3) Violation of the Federal Truth in Lending Act ("TILA"); (4) Fraudulent Misrepresentation; (5) Breach of Fiduciary Duty; (6) Unjust Enrichment; (7) Civil Conspiracy; (8) Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO); (9) Quiet Title; (10) Violation of the California Business and Professions Code Section 17200; (11) Usury; ((12) Predatory Lending; and (13) Intentional Infliction of Emotional Distress. Compl. ¶¶ 48-114.  In her Prayer for Relief, Plaintiff requests the Court to deed the Hillsborough Property to her, to enjoin Defendants from attempting to foreclose on the property, and she also seeks $15,000,000 in punitive damages.  Id. ¶ 115.

On April 26, 2010, Defendants removed Plaintiff's suit to this Court.  Although a defendant has thirty days from service of a complaint to remove a case to federal court, see 28 U.S.C. § 1446(b), Defendants state they have not been served.  Notice of Removal ¶ 11.  As such, the Notice of Removal is not untimely. Defendants contend this action could have been filed originally in federal court on both diversity and federal question grounds.  Id. ¶¶ 4-5.  Defendants now move to dismiss Plaintiff's Complaint. Mot. at 2.

3

**III. LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950. A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to . . . nudge[] their claims across the line from conceivable to plausible." Twombly, 127 U.S. 1974.

**IV. DISCUSSION**

    **A. Untimely Filed Opposition**

The Court begins by noting that Plaintiff's Opposition brief was filed late. While it should have been filed not less than

4

twenty-one days before the scheduled hearing date, see Civ. L.R. 7-3(a), the brief was filed on June 1, 2010, only ten days before the scheduled hearing.  According to Plaintiff's attorney, the brief was late due to a calendaring error in his office.  Bonner Decl. ¶ 5.[2]  Although the Court does not condone the conduct of Plaintiff's attorney, in the interest of fairness to Plaintiff, the Court will consider the arguments contained in the Opposition brief. Therefore the Court DENIES Defendants' request for the Court to strike Plaintiff's Opposition.

### B.  Statute of Limitations

Having reviewed the pleadings and arguments, the Court finds that many of Plaintiff's causes of action are time-barred.

#### 1.  Federal Claims

Plaintiff's first three causes of action allege violations of HOEPA, TILA, and RESPA.  Compl. ¶¶ 48-65.  The statute of limitations is one year for damages under TILA, and three years for rescission under TILA.  15 U.S.C. §§ 1635(f), 1640(e).  HOEPA, which is a part of TILA, shares its one-year statute of limitations.  15 U.S.C. § 1640(e).  RESPA has a one-year statute of limitations for violations of 12 U.S.C. §§ 2607 and 2608, and a three-year statute of limitations for violations of 12 U.S.C. § 2605.  12 U.S.C. § 2614.

Here, the loan was entered into on August 3, 2005.  2005 Deed of Trust at 1.  Plaintiff's Complaint was filed four-and-a-half years later on February 23, 2010.  See Compl.  Therefore, Plaintiff's HOEPA, TILA, and RESPA claims would appear to be time-

---

[2] A. Cabral Bonner, attorney for Plaintiff, filed a declaration in opposition to Defendants' Motion.  Docket No. 7.

barred. Plaintiff responds that the statute of limitations should be tolled on equitable grounds. Opp'n at 2-3. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000). Equitable tolling "focuses on excusable delay by the Plaintiff." Id. The plaintiff bears the burden of establishing that she pursued her rights diligently and that some extraordinary circumstance stood in her way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Here, in defense of her contention that equitable tolling applies, Plaintiff points to paragraphs 32 to 34 of her Complaint, where she alleges that Defendants failed to make disclosures required by TILA and RESPA, and that Defendants failed to provide her with a HUD-1 Settlement Statement. See Compl. ¶¶ 32-34; Opp'n at 2-3. The Court finds that Plaintiff cannot rely on the same factual allegations to show that Defendants violated federal statutes and to toll the limitations periods that apply to those statutes. Otherwise, equitable tolling would apply in every case where a plaintiff alleges violations of TILA, HOEPA, and RESPA, and the statutes of limitations would be meaningless.

The alleged facts of this case are not so extraordinary as to warrant equitable tolling. "[A]s a general rule the limitations period starts at the consummation of the transaction." King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986). The Court sees no reason to depart from the general rule. Plaintiff's transaction was consummated on August 3, 2005. See 2005 Deed of Trust at 1. This loan is not the first adjustable-rate loan that

6

Plaintiff had taken out using the Hillsborough Property as security. See 2003 Deed of Trust. Given her prior experience with loan documents of this type, Plaintiff should have been able to discover the alleged deficiencies in Defendants' disclosures during the applicable limitations periods. Instead, her Complaint was not filed until February 23, 2010, three days before the scheduled foreclosure sale of the Hillsborough property. Plaintiff has had an opportunity to explain why equitable tolling applies, and the Court is not persuaded. Hence, the Court DISMISSES her TILA, HOEPA and RESPA claims WITHOUT LEAVE TO AMEND.

Plaintiff's eighth cause of action asserts a RICO claim against Defendants. Compl. ¶¶ 88-93. The statute of limitations for civil RICO claims is four years. Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143, 156 (1987). Here, Plaintiff signed her loan documents on August 3, 2005, more than four years before she filed this lawsuit. See 2005 Deed of Trust; Compl. Having established no basis for equitable tolling, the Court DISMISSES Plaintiff's civil RICO cause of action WITHOUT LEAVE TO AMEND.

**2. Fraudulent Concealment and Breach of Fiduciary Duty**

Plaintiff's fourth cause of action alleges Defendants concealed and misrepresented material information, Compl. ¶¶ 66-72, and Plaintiff's fifth cause of action alleges Defendants breached their fiduciary duties by "fraudulently inducing Plaintiff to enter into mortgage transactions." Compl. ¶¶ 73-77. The statute of limitations for an action grounded in fraud is three years. Cal. Civ. Code § 338(d). In response, Plaintiff provides no persuasive basis for tolling the limitations period, and Plaintiff appears to

7

be quoting paragraphs from a complaint filed in a different lawsuit. See Opp'n at 4 (referring to allegations against "DEFENDANT REDWOOD MORTGAGE CORP."). The Court DISMISSES Plaintiff's fraud-based claims WITHOUT LEAVE TO AMEND.

### 3.  Business and Professions Code Section 17200

Plaintiff's tenth cause of action alleges a violation of California's Business and Professions Code Section 17200. Compl. ¶¶ 100-01. "Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued." Cal. Bus. & Prof. Code § 17208. Plaintiff filed her Complaint more than four years after she entered into the loan at issue. In her Opposition, Plaintiff does not challenge Defendants' contention that this claim is time-barred. See Opp'n at 5-6. The Court DISMISSES Plaintiff's tenth cause of action WITHOUT LEAVE TO AMEND.

### 4.  Intentional Infliction of Emotional Distress

Plaintiff's thirteenth claim is for intentional infliction of emotional distress. Compl. ¶¶ 111-14. The statute of limitations for this claim is two years. Cal. Code Civ. Proc. § 335.1. Plaintiff does not challenge Defendants' contention that this claim is time-barred. See Opp'n at 6. The Court DISMISSES Plaintiff's thirteenth cause of action WITHOUT LEAVE TO AMEND.

## C.  Unjust Enrichment

Plaintiff's sixth cause of action is "Unjust Enrichment." Comp. ¶¶ 78-82. To state a claim for unjust enrichment, Plaintiff must plead the "receipt of a benefit and the unjust retention of the benefit at the expense of another." Lectrodryer v. Seoulbank, 77 Cal. App. 4th 723, 726 (Ct. App. 2000). Plaintiff alleges that

Defendants were unjustly enriched by charging fees unrelated to the settlement of her loans, and by "charging a higher interest rate, fees, rebates, kickbacks, profits, and gains and YSP fee unrelated to the settlements [sic] services provided at closing." Compl. ¶¶ 79-80. Plaintiff does not explain these vague allegations in any detail, nor does she explain how they apply to Aurora or Wildrick, who played no part in the closing of Plaintiff's loan. These allegations do not give rise to a plausible claim for unjust enrichment. The Court therefore DISMISSES Plaintiff's sixth cause of action for unjust enrichment WITH LEAVE TO AMEND.

### D.  Civil Conspiracy

Plaintiff's seventh cause of action is "Civil Conspiracy." Compl. ¶¶ 83-87. A conspiracy is not an independent cause of action, but "a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510-11 (1994). Liability for civil conspiracy generally requires three elements: (1) formation of a conspiracy (an agreement to commit wrongful acts); (2) operation of a conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of a conspiracy. Id. at 511. A civil conspiracy is activated by the commission of an underlying wrongful act. Id.

Here, Plaintiff alleges that "[i]n connection with the application for and consummation of the mortgage loans" and "in connection with the trustee sale," Defendants agreed "to engage in actions and a course of conduct designed to further an illegal act

or accomplish a legal act by unlawful means." Compl. ¶ 84. Plaintiff alleges Defendants engaged in a "conspiracy to defraud for the common purposes of accruing economic gains for themselves at the expense of and detriment to the Plaintiff." Id. ¶ 85. These allegations are mere legal conclusions, and therefore the Court does not assume their truth. See Ashcroft v. Iqbal, 129 S.Ct. at 1949. Plaintiff's allegations suggest the underlying wrongful act is fraud, but the Court has already dismissed Plaintiff's fraud claim as time-barred. The Court DISMISSES Plaintiff's civil conspiracy claim WITH LEAVE TO AMEND.

### E. Quiet Title

Plaintiff's ninth cause of action seeks to quiet title to the Hillsborough property in her favor. Compl. ¶¶ 94-99. In California, an action to quiet title may be brought "to establish title against adverse claims to real or personal property or any interest therein." Cal. Code Civ. Proc. § 760.020. In an action to quiet title, the plaintiff must at least allege an ability to tender the amount due. See, e.g., Garcia v. Wachovia Mortg. Corp., 676 F. Supp. 2d 895, 914 (C.D. Cal. 2009) (citing Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578, (Ct. App. 1984)). Plaintiff's Complaint contains no such allegation. Accordingly, the Court DISMISSES Plaintiff's ninth cause of action WITH LEAVE TO AMEND.

### F. Usury

Plaintiff's eleventh cause of action alleges a violation of California's usury laws. Compl. ¶¶ 102-07. To state a claim for usury, a plaintiff must allege that the interest rate exceeded the statutory maximum. Ghirardo v. Antonioli, 8 Cal. 4th 791, 798

10

(1994). The California Constitution caps interest rates on secured loans at ten percent per year, or five percent over the amount charged by the Federal Reserve, whichever is greater. Cal. Const. art. XV, § 1(2).

Plaintiff alleges that the interest charged was greater than permitted by state law. Compl. ¶ 104. However, on the second page of Plaintiff's Adjustable Rate Rider, it states that her interest rate can never exceed 9.95 percent. 2005 Deed of Trust. In her Opposition, Plaintiff does not respond to Defendants' point that her interest rate could not exceed the maximum permitted by the California Constitution, but instead she repeats her allegation that she was charged interest greater than what is permitted under state law. Opp'n at 8. Having failed to respond to what is clearly stated in her loan documents, the Court DISMISSES her usury claim WITHOUT LEAVE TO AMEND.

### G.   **Predatory Lending**

Plaintiff accuses Defendants of predatory lending practices in violation of Sections 4970-4979 of California's Financial Code. Compl. ¶¶ 108-110. However, those code sections only apply to "covered loans," which are loans where "the original principal balance does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association." Cal. Fin. Code § 4970(b). In 2005, the conforming loan limit was $359,650. See Fannie Mae News Release. Here, Plaintiff's loan was for $1,355,000. See 2005 Deed of Trust. Therefore Plaintiff's loan is not a covered loan, and Plaintiff's Opposition contains no discussion of her predatory lending claim. The Court DISMISSES Plaintiff's twelfth cause of

11

action WITHOUT LEAVE TO AMEND.

**IV. CONCLUSION**

For the reasons stated above, the Court DISMISSES Plaintiff's first, second, third, fourth, fifth, eighth, tenth, eleventh, twelfth, and thirteenth causes of action WITH PREJUDICE. The Court DISMISSES Plaintiff's sixth, seventh, and ninth causes of action WITHOUT PREJUDICE. If Plaintiff chooses to file an amended complaint, it shall be filed within twenty (20) days of this Order. Failure to do so will result in dismissal of the case in its entirety.

IT IS SO ORDERED.

Dated: July 2, 2010



UNITED STATES DISTRICT JUDGE

12